UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS RASETTA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>C&B CONSTRUCTION MANAGEMENT TRUST, INC. and BRUCE ROSS,<br><br>    Defendants and<br>    Third-Party Plaintiffs,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br><br>    Third-Party Defendant. | CIVIL ACTION NO. 04-11716-RWZ |

## CENTENNIAL INSURANCE COMPANY'S ANSWER TO THIRD-PARTY COMPLAINT

1. Centennial Insurance Company ("Centennial") states that it is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint.

2. Upon information and belief, Centennial admits the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Upon information and belief, Centennial admits the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Centennial admits the allegations contained in Paragraph 4 of the Third-Party Complaint, with the exception that Centennial's principal place of business is in New York, New York.

5.  Upon information and belief, Centennial admits the allegations contained in Paragraph 5 of the Third-Party Complaint.

6.  Centennial states that the Complaint is a written document which speaks for itself and therefore no response by Centennial is required. To the extent the Court deems Paragraph 6 to require a response, Centennial denies the allegations contained therein insofar as the plaintiffs' Complaint seeks recovery of funds that the plaintiffs allege are due from C&B Construction Management Trust, Inc., Ashland Engineering and Bruce A. Ross.

7.  Centennial admits the allegations contained in Paragraph 7 of the Third-Party Complaint, with the exception that the Joint Control Trust Account Agreement is dated February 12, 2003.

8.  Centennial states that the Joint Control Trust Account Agreement is a written document which speaks for itself, and Centennial denies the allegations contained in Paragraph 8 of the Third-Party Complaint to the extent they seek to modify or deviate from the terms of the written Agreement.

9.  Centennial denies the allegations contained in Paragraph 9 of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against Centennial upon which relief may be granted and therefore the Third-Party Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The third-party plaintiff is estopped by its conduct from asserting the claims set forth in the Third-Party Complaint.

### THIRD AFFIRMATIVE DEFENSE

The third-party plaintiffs are barred by the terms of the Joint Control Trust Account Agreement from asserting the claims identified in the Third-Party Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The third-party plaintiffs have waived the claims asserted in the Third-Party Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiffs' claims against C&B Construction Management Trust, Inc. arise out of projects for which Centennial did not issue any surety bonds and therefore Centennial cannot have any liability to the plaintiffs or to the third-party plaintiff based on the allegations contained in the Third-Party Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Centennial has already satisfied its obligations to the plaintiffs and therefore Centennial cannot have any liability under the allegations contained in the Third-Party Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The third-party plaintiffs failed to satisfy one or more conditions precedent to establishing Centennial's liability for the claims identified in the Third-Party Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have not satisfied the applicable conditions precedent in order to establish Centennial's liability for the claims identified in the Third-Party Complaint.

### NINETH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of release.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of failure of consideration.

                Respectfully submitted,

                CENTENNIAL INSURANCE COMPANY
                by its attorneys,

                /s/ Thomas H. Hayman
                Bert J. Capone (BBO #072880)
                Thomas H. Hayman (BBO #557279)
                Cetrulo & Capone LLP
                Two Seaport Lane
                Boston, MA  02210
                (617) 217-5500

DATED: October 8, 2004

## CERTIFICATE OF SERVICE

I, Thomas H. Hayman, hereby certify that on this 8th day of October, 2004, I served a true and accurate copy of the foregoing Answer of Centennial Insurance Company upon counsel of record for the parties to this action as noted below by first class mail:

Robert O. Berger, Esq.
11 Beacon Street
Suite 1210
Boston, MA  02109

Marshall F. Newman, Esq.
Newman & Newman, P.C.
One McKinley Square
Boston, MA  02109

/s/ Thomas H. Hayman
Thomas H. Hayman (BBO #557279)

01625-0021
344939v1